The next case will be the case of Ronald Gillette versus the Territory of the Virgin Islands, the Warden of the Golden Grove Correctional Facility in the United States of America. Mr. Molinaro. You may proceed. Thank you, Your Honor. May it please the Court, I, along with my co-counsel, Joseph DiRusso, represent the appellant in this case, Ronald Gillette. This case involves... Are you Mr. DiRusso's firm? Yes, Your Honor. Because I don't see your name on the papers. I do know that you moved to argue. Yes, Your Honor, and I believe my name is on the reply brief and not on the initial brief. Okay. I just wanted to clarify that. Yes, sir. This case... Do you want to reserve any time for rebuttal? Yes, Your Honor. Can I reserve three minutes for rebuttal? Thank you. This case involves a dismissal of Mr. Gillette's 2241 petition for a writ of habeas corpus by the District Court. The District Court found that it lacked jurisdiction to hear the case and that the underlying conditions of confinement claims that Mr. Gillette was making are only cognizable under 1983. The District Court erred for several reasons. First, the conditions of confinement challenge that Mr. Gillette made in the District Court is fully cognizable under 2241 in the law of this circuit. It attacks a fact and length of his detention. It goes to the legality and the validity of his continued confinement. And as such, this circuit's precedent makes clear 2241 is the appropriate vessel. Second, Supreme Court case law has stated that a territory is not a person under 1983. It is also found that territorial actors acting in their official capacities and being sued in their official capacities are not persons under 1983. Thus, 1983 actions against a territory or its actors in an official capacity is not cognizable under 1983. It's simply not available in this case. How about under Bivens? Bivens. Or under 1983 by way of injunctive relief. Your Honor, I think that goes to the relief that Mr. Gillette's seeking in this case. Mr. Gillette has not seeked prospective injunctive relief in his habeas petition. He has not asked the court to cure the constitutional deficiencies at Golden Grove. That's in the intervention matter, a separate matter before this court. What Mr. Gillette has asked for is his release or his transfer to a constitutionally compliant facility. Those go to the core of habeas. The idea of habeas traditionally has been bring the body forward and secure its release, the basic premise. This court in Woodall found that 2241 can be used to challenge the execution of one sentence, including conditions under which the sentence is occurring. Further, it found that execution means to carry out one sentence. How is the sentence being carried out? We can look to this court's decision in Lemur, Your Honor, to see the dichotomy and the difference between 2241 and 1983 when we're looking at conditions of confinement. In the manner it's carried out, that is a comparison of what the appellant was sentenced to, defendant, petitioner, I guess I should refer to the habeas petitioner as the petitioner, and the actual confinement. Now, as long as the facility to which the petitioner has been confined to is in conformance with the conviction of sentence, how could that be anything other than if he's complaining about he doesn't like the facility for some other reason? How could that be anything other than a civil rights action? Your Honor, this court found in Lemur that the dichotomy, the difference between the two, is what is the ultimate relief that's being sought. If the remedy is a habeas remedy, then the action must be brought under 2241. If we're challenging a condition of confinement such that the court's decision would ultimately lead to an undoing of a conviction or a lessening of a sentence or an altering of a sentence, then the action this court has found must be brought under 2241, not 1983. 1983 is appropriate in the cases the government cited in those cases. Serve me my kosher meal. Give me my legal papers. Allow me to go back to general population after I've been in death row and I'm no longer serving a death row sentence. How does a confinement of the petitioner in this case not comport with the judgment of conviction to which he was sentenced? Your Honor, in other words, where is the habeas case here other than you've got to have some difference between his sentence and where he's been sentenced? Well, Your Honor, there's a basic underlying premise that all prison sentences are served in facilities that are constitutionally compliant with the Eighth Amendment. Well, if someone has an Eighth Amendment claim by reason of the facility that they're sentenced to, that's not a habeas case as such. That's an Eighth Amendment case, which you could say is a brand of habeas or even 1983. But an Eighth Amendment case is different than a habeas case. But, Your Honor, if a habeas case that goes to the legality of the continued confinement, that is a habeas case. Bringing forth saying my confinement is illegal, it's unconstitutional, release me or transfer me to a constitutional facility. That's what's occurred in this case. Mr. Gillette has come forward and said, Your Honor, Golden Grove Correctional Facility is violating the Eighth Amendment. The Monitor's report, which we submitted as a supplemental appendix earlier this week, or last week I should say, described the mental health facilities as horrible. Their quote was mentally ill inmates are not properly assessed, they're not treated in many cases, there are no formal treatment plans, no basic counseling services, and few treatment encounters with qualified providers. This is the core of his Eighth Amendment challenge. The real issue is whether a prisoner who's being held in violation of the Eighth Amendment can bring a challenge to the continued validity and legality of his further confinement in such a facility under 2241. Or whether he must go forth only under 1983. Didn't our decision in Cardona v. Bledsoe limit, at least for our circuit, the scope of the Woodall test for when a 2241 is properly brought? Not for this case, Your Honor. And the reason is Cardona is clearly distinguishable. Cardona, again, falls under the line that was brought in Lehman. What is the ultimate relief sought? Cardona was challenging his referral to a special management unit. If the relief was granted to Cardona, his sentence wouldn't be altered, his conviction wouldn't be reversed. If Mr. Gillette's relief is granted, we've asked for his release. That is clearly an altering of sentence which can only be brought under 2241 and not 1983. And moreover, the district court erred in relying on 1983. The Supreme Court in Negrangis found that territories are not persons, territorial actors acting in their official capacity are not persons. And whether or not that's properly before this Court at this time or not, the Supreme Court did not say that as it relates to prospective relief. And that's really what you would be asking for if, in fact, you had a 1983 action that was pending, would it not? Under 1983 action, yes, but we have not sought that relief in a habeas petition. That relief is the only avenue we have for that relief because of the Supreme Court case on our understanding is through the intervention which Mr. Gillette has also moved. There he's asking for the purity of the remedy. I mean, you clearly have the ability to file a 1983 action on behalf of your client. But even if we have the ability, Your Honor, that doesn't take away his right to a 2241. That's correct. And that's why a 2241 is appropriate. That's correct. You're correct there. And here we're looking not at whether 1983 can be maintained, but whether or not the district court has jurisdiction to entertain a 2241 when you're really alleging a condition of confinement question by way of an Eighth Amendment violation. Yes. What we are saying is that when the Eighth Amendment violation is such that you're challenging the legality and validity of the continued confinement, when the Eighth Amendment violation is such that the remedy you seek is an altering of a sentence or an undoing of a conviction, the only avenue this circuit provides for to grant that relief is 2241. Curing a constitutional deficiency is a different matter. That's 1983. But they're separate actions. And the court doesn't lose jurisdiction by listening to a 1983 action. If you were correct, wouldn't you be converting virtually every 1983 action into a 2241? No, Your Honor. And why not? Because it goes back to Lehmer. It goes back to the idea that what is the relief? Does the relief alter the sentence? Does the relief ultimately undo the conviction? Serving someone a kosher meal or allowing them to pray five times a day or giving them back their legal papers or access to a lower correctional facility. Giving them sufficient medical or mental health care. That's not going to alter the sentence. What you're asking for is not going to alter the 300 months that Mr. Gillette has received in that sentence from the district court. But a release would. The alternative release, the alternative remedy, which we've sought, would indeed alter his sentence. And that's why that must be brought under 2241. And that alternative remedy that you're seeking, release, is based on the fact that he's not being given, according to your petition, adequate care for his health needs, correct? Yes, that the facility itself is constitutionally deficient. Now, if the health facilities at the institution were upgraded such that they met the minimum required health care that he needs, he could remain at that facility. You would have no right to a habeas petition, would you? If the facility was constitutionally compliant, there would be no constitutional violation. However, it goes back to the relief that we're looking at in this case. And the hypothetical, of course, if the prison was brought up to constitutional par. He could stay at that facility and serve his full sentence. Correct. But the relief that has been sought in this case is not the correction of the constitutional deficiency. It's the release because the facility is constitutionally noncompliant. That relief is still available to Mr. Gillette. Whether or not Mr. Gillette wanted to file in 1983 or he's allowed to intervene in the action between the United States and Virgin Islands, ongoing in Golden Grove, to correct the facilities is another issue. But that's a separate parallel cause of action here. It doesn't strip the court, which is really the heart of this matter. It doesn't strip the court of its jurisdiction to listen to a 2241 when the relief that's possible is a release. Mr. Molinari, it seems to me that you're asking for a type of relief, the alternative relief in the form of release. It's totally inconceivable in this case. Mr. Gillette's been sentenced to 300 months. There's no indication that that conviction, I don't know whether it's the status on appeal. I'm not sure the exact status of the appeal. But absent a reversal of his conviction, he's not going to be released. The best he's going to get is going to be put in another facility somewhere. That doesn't get you the kind of release relief that you say you may be entitled to under 2241. Well, whether Mr. Gillette is ultimately released obviously is a determination for the district court. Right. But nevertheless, the district court would maintain the jurisdiction to at least consider the issue. And we know that the United States Supreme Court has released on constitutional deficiencies prisoners who were convicted on their direct appeal, on their habeas appeals in California. So conceivably anything is possible. I don't want to go that far and go into hyperbole. Anybody who wanted to allege 2241 jurisdiction could merely ask as an alternative release from the sentence in order to establish jurisdiction. Wouldn't you agree? If you're correct, anybody could add that prayer for relief in their plea. I wouldn't go that far, mostly because the difference is here the constitutional deficiencies are so widespread and are so long-occurring and involve a 26-year battle litigation between the United States and the Virgin Islands that they have not been compliant for almost 30 years. We don't agree with you that by reason of the inadequate medical facility that he presently has to use to take care of his needs, we disagree with you and say that this is not something that should be dealt with in the habeas arena. You would still have the right, would you not, to file a civil rights action to say that he's to be transferred to a facility that is adequate to treat him or this facility is to be upgraded to the level, if he stays there, to which he should have appropriate treatment. I'll quickly respond. I see I'm very over time. Thank you, Your Honor. That goes to a separate issue in this case, that the district court did not give us the opportunity to amend our petition. You never asked for it. You never asked for it. We went through this very carefully. You never asked for the opportunity to amend the petition. The law in this circuit, though, Your Honor, allows for, on a suit of sponsored dismissal, that leaves should be granted freely to amend unless no possible cause of action could be brought. And the cases that the government relies on in its brief are clearly distinguishable. There, the petitioners in those cases said merely convert my 2241 to a 1983. Here, that is not what we're arguing. We're saying the district court should have given it back, said refresh it, massage it, make it into a 1983 action. The district court does not have to go of counsel to the litigants. Admittedly, I think maybe it's a nice thing to do, but the dismissal here was, number one, without prejudice. It's without prejudice to begin with. And I went through this very carefully. You in no way asked for the ability to amend. As a matter of fact, I'll even go a little further because I've been there, done that. You couldn't amend because you'd have to amend under the prison litigation reform act, which requires that you first go through this administrative procedure or whatever you want to call it. And I think the filing fee is different, isn't it? I believe so, Your Honor. Yeah, okay, so the government would have picked up a few more bucks that way. But your dismissal here, if we don't agree with you, is once again without prejudice to your right to file a Bevins or a 1983. Correct, it is, Your Honor. So the basic question, as my colleague has just asked you, is how is this petition I have here saying that the sentence where he's at does not comport with the judgment of conviction which sentenced him to that facility for that length of time? The only problem you're having here is that they're not giving him the medical care, which may rise to an Eighth Amendment violation, but you didn't allege that. Well, correct. The constitutional infirmities are what give rise to the 2241, is that the legality and the validity of his confinement in violation of the Eighth Amendment requires that a 2241 action, not 1983, under Lemur, be brought in this circuit. Yeah, but under Condola, that you are not contesting that you have to serve this sentence that was imposed, and what you're saying is that you don't like the way it's being served because he's not getting the medical treatment that he should receive, and that is not a petition saying that he doesn't belong where he is. You're saying he belongs there, but he's not getting the adequate medical care he needs. Well, we would argue that he belongs in a facility that's constitutionally compliant. That's true, he does, yes. And Golden Grove is not. You can't argue that in 2241. You can't argue that in 2241. In 2241, you say he doesn't belong there, number one, pure and simple. All right, why don't we hear from Mr. Cohen. We'll have you back on rebuttal. Thank you, Your Honor. Good morning, Your Honors. May it please the Court, my name is Jason Cohen. I represent the United States, which is one of the appellees in this case. Your Honor, I think just as a point of fact, my understanding is that Mr. Gillette's direct appeal was affirmed last week by the Third Circuit on all accounts, and I agree with the Court that it is basically inconceivable that he would be released since he was sentenced to, I think, 155 years at Golden Grove. Your Honor, I think the question is, you know, whether... Who should be the proper respondent here? You raised that in light of the Gillette direct appeal opinion on the concurrent jurisdiction question. Who is the proper respondent? Well, we moved to dismiss in the district court basically on the grounds that the proper respondent is the warden of the institution. And you don't represent the warden? No, we represent the United States. But this is a federal conviction. Well, no, Your Honor, it's not a federal conviction. He was tried in federal court. Federal court. In effect, the Gillette direct appeal opinion said that the federal courts maintain concurrent jurisdiction over territorial offenses. So doesn't that make this a federal conviction? He got a monthly sentence as opposed to a territorial sentence, and he's at Golden Grove, but he seems to be at Golden Grove under a federal judgment. Your Honor, the district court retained jurisdiction to try the case, but I think once he was sentenced, he was sentenced only on territorial charges because he was only convicted on territorial charges. But you read the Gillette opinion that said that the federal courts have concurrent jurisdiction. It seems to me it's a federal case. Well, I would argue that they had concurrent jurisdiction to try the case, but once he was convicted of strictly – once those federal charges were dismissed, I think double jeopardy attached to the district court had to – I mean, they were in the middle of the trial, and the district court had to complete the case and retain jurisdiction to try the charges, the territorial charges. But he was sentenced strictly on the territorial charges, and he was remanded only to Golden Grove – well, to the Virgin Islands Bureau of Corrections to serve his sentence. The only facility they have is Golden Grove. Had this been a conviction under federal charges, where would he have been sentenced? Well, I think that he would – what I've seen is that oftentimes the defendants are sentenced to a term of – term in federal prison with the Bureau of Corrections for the federal charge, and then – Where would he be here in the Virgin Islands? It would be either in Guaynabo in Puerto Rico or somewhere in the States. He would not be at Golden Grove? Well, he would probably be sentenced for a period of time for the federal charge, and then once that was done, he would be remanded to the custody of the Virgin Islands Bureau of Corrections to serve his time on the territorial charges. And he would probably be right back at Golden Grove, since that is the only Virgin Islands facility. Yeah, but there's no question, insofar as this petitioner is concerned, the person that's holding him is not a federal officer. It's a VI officer. I agree, Your Honor. So that really – you're appearing here on a matter in which you have no interest, so to speak. Yes, Your Honor, and I – If we go to the merits, let's turn to the merits for a second, and let's test the hypothesis that he could never be released. If he's at this facility and they don't adequately care for his medical needs, constitutionally, they're required to do that, or are they not? Yes, Your Honor. All right, and if it's impossible for them to care for his medical needs, then I've seen judgments where the government is ordered to do so or release him within a period of time. If he is being inadequately treated for his medical needs, the government would have to release him if they did not bring up the medical treatment standards sufficient to treat him. Is that correct? They couldn't continue to maintain him in a facility which he could not be adequately treated. Well, Your Honor, when you say the government, I'm – To the I. To the I. I'm going to the merits now. All right. As far as the local government, I think the correct way to bring that up would be his remedy is in a civil rights action, and then presumably the court could decide that, yeah, I guess, to release him, to order the Virgin Islands government to either treat him or release him. Treat him or release him, yes. So that why isn't the petitioner somewhat correct in stating that this is a habeas case because he's not being treated correctly, he wants to be treated correctly, has an Eighth Amendment right to be treated correctly, and if he's not treated correctly, he wants the government to give the V.I. a time period to release him or if they don't adequately treat him. I think that's allowing the prisoners or defendants to basically pick and choose their type of relief by what they ask for or pick and choose their court and how they bring their case basically just on what they ask for, and every prisoner wants to be released and will ask for that. I think in the Lemer case, my colleague, I think, was misstating it. The quote does not talk about the continued validity of his confinement based on the relief sought. The actual quote says that the core of habeas has to do with the validity of the continued conviction or the fact or length of the sentence and that a challenge, however denominated and regardless of the relief sought, must be brought by way of habeas. Conversely, a challenge to the condition of confinement has to be brought under Section 1983. So I think it's regardless of how it's styled, whether he's going to ask for release or not, it really has to do with what's the core. Does it go to the core of habeas? On the merits of this case, if we agree with you on the merits that this is not a habeas case, this is a civil rights case, you acknowledge any dismissal here, because it's not a habeas case, is without prejudice to the petitioner's right to file a 1983 Bivens type of action. You agree to that, don't you? I agree, Your Honor, and frankly I was a little surprised that since this was dismissed in April that there hasn't been any 1983 action filed since then. Well, you have another matter pending here, which is going to be argued in a few moments. I might answer that's the reason they haven't filed a second case. Yeah, I guess it was a strategic decision by counsel to seek another avenue of relief, but let me ask you this. In our Cardona v. Bledsoe case, we talked about the fact that there had to be some connection to the sentence for it to stay in habeas. You know, this case has a rather checkered procedural history. It was sent back by our court for the district court to determine whether or not In the court, he underwent an examination by an expert. On page 11 of Mr. Gillette's opening brief, there's an excerpt here that on January 24, 2012, Dr. Julia informed the undersigned, which was counsel, about Mr. Gillette's medical and psychiatric condition. It says it's recommended that he receive psychiatric and psychological treatment in an institution where he can be stabilized psychiatrically. He also needs urgent medical care due to his neurological condition, which is not being addressed at his present institution due to lack of adequate medical care, and then so on and so forth. But the district court then issued its report recommending it to the appellate court that we find that Gillette not competent to withdraw his appeal. In a sense, isn't that an adoption by the district court of that report? And doesn't that almost become an intrinsic part of the sentence which was handed down in this case? And I know it's maybe a variation of what Mr. Molinaro has argued. But, you know, we're trying to get to the execution of the sentence question, which would more clearly give 2241 relief. So isn't there a little bit of a difference here in this case because of this psychiatric evaluation? Well, I disagree, Your Honor. I think there was a discrete issue before the district court, and that was having to do with Mr. Gillette's competency to withdraw his appeal. And the court, you know, addressed that. I agree that the report from the psychiatrist or the neuropsychiatrist was perhaps a little broader than just that question that was before the court. But I don't think by the court sending it back to the Third Circuit and finding that he was not competent to withdraw that the court necessarily adopted all the other kind of dicta beyond the question statements that were in the doctor's report. I think that the judgment itself was very straightforward. As you said, in Cardona and in some of the other cases, there was nothing in the judgment itself that's contradicted by his being remanded to the Bureau of Corrections. All the judgment did, basically, is remanded him to the Bureau of Corrections for the 155 years. There was no statements about what kind of treatment he was to receive. But isn't it implicit in any judgment where someone's being sentenced to incarceration that the incarceration has to be in keeping with the Eighth Amendment? Isn't that implicit in any time of sending someone to jail? Well, I think it's generally assumed that the institutions will provide constitutional care and not be cruel and unusual. Yeah, and here it looks, I mean, even the government admits this man is very ill and is in need of medical care, and the government is not doing anything for him. So couldn't we say, I mean, it's not a stretch to say that he's being sentenced to a facility that is not giving him the implicit repair under the Eighth Amendment that he's entitled to, and you've even tried to settle it, I guess, or whatever. Nothing seems to be going along here. Yeah, well, as far as the ‑‑ yeah, I mean, there is ongoing institutional litigation, obviously, and I think that points out that the federal government clearly doesn't have control over that facility. This is just a variation on the theme. It's really a habeas case because you sent him to a facility that he shouldn't be sentenced to because they don't care for his medical need. I think if that's the case, Your Honor, as you were alluding to before, it basically eviscerates the difference between 2241 and 1983. Then every prisoner at that institution can just, you know, any time they don't get something they want, they don't receive the care they want, they don't, for whatever reason, they can all just file a 2241 in lieu of the 1983 suit, and there are significant differences between the two. Because of the PLRA, the cost is significantly different. Because even if the prisoner is found to be informed of purpose, they have to pay over time the fee, the civil filing fee, in a 1983 suit. There are different review standards. Under the PLRA, the district court judge is supposed to review the complaint for frivolousness and stating a proper claim. They have the three‑strike provision. If they get dismissed three times for filing frivolous suits, they can't file another under the PLRA unless there's some kind of imminent harm to their person. And all these things are important differences, and that's basically eviscerated under that kind of system where every prisoner can just file a 2241 simply because the institution has ongoing institutional litigation. Going back to one of my original questions, the Virgin Islands, I guess the Attorney General filed a bit belatedly, filed a letter adjoining in your brief. Are you here actually arguing on behalf of the VI? I wasn't even aware, Your Honor, that they filed that letter, but I'm simply arguing for the United States. I haven't coordinated anything with the Virgin Islands government. If we agree with you, how do we handle a situation that the proper person to have argued that this is not a habeas case is the facility where the petitioner is being held? I think regardless of who is here arguing ‑‑ Well, you're an interloper. I mean, you have no interest in this. It's a VI facility. Unfortunately, Mr. Gillette made us an interested party because he filed the case against us. I agree that it was probably an incorrect naming of a defendant, but here we are. And I think we're defending the district court's decision. We think that the analysis is correct. You can defend the district court's dismissal against the federal government, but you can't defend it against the VI. And the VI is all that's left because they dismissed you, the federal charges. I'll leave it to the court to decide how they want to treat that. We're asking for direction from you. How do we handle this? If we agree with you that you were out of a job after you left the district court and you're an interloper here and the Virgin Islands is not appearing before us. I think regardless, I think the court can affirm on whatever grounds it deems appropriate. And since the court has to review the matter, the standard is plenary. I think you can just review what the district court did, affirm it on the law. I think hopefully we've represented the district court's opinion as being proper. And I think if the court finds that the district court didn't have proper jurisdiction over the 2241, I think all the parties have to be dismissed. I don't think it can go forward, regardless of whether they're here or not. All right, Mr. Cohen, thank you very much.  Thank you, Your Honors. Your Honor, building on a common issue that was being argued during the government's position, the United States is a proper party to this action. As was stated, the federal government prosecuted Mr. Gillette. The federal government brought both state and federal charges against Mr. Gillette. The federal government maintained concurrent jurisdiction over Mr. Gillette. This court has been clear in his direct appeal. Do they maintain the proper jurisdiction? I mean, the court sent him to the Golden Grove Correctional Facility, which as I understand it is a correctional facility which is run by the Territory of the Virgin Islands, and the warden is employed by the Territory of the Virgin Islands. You know, what is the U.S.'s remaining interest? Here, what makes this case different is it is the U.S. Virgin Islands. This isn't Florida. It's not Pennsylvania. The Virgin Islands is not a sovereign government. It's an Article IV. It's a territory. The government, the United States Congress, maintains plenary jurisdiction. The United States is the sovereign here. It's not the U.S. Virgin Islands. Moreover, the United States moved to have a receiver appointed to operate Golden Grove because the Virgin Islands were not doing their job, and it's part of 26 years of ongoing litigation. The U.S. has been actively involved. That sounds like your colleague's case. It sounds like you're getting into your colleague's case now. Excuse me, Your Honor. I'm sorry. It sounds like you're getting into your colleague's case now. Well, I mean, the issue, the biggest issue here is would Mr. Gillette have faced a fair to join indispensable party? If we went forward without the United States and relief was granted, it's the position of Mr. Gillette that the United States would have came in very quickly and argued, you can't release him. He's not under the sole control of the Virgin Islands. He was prosecuted by the federal government, convicted by the federal government, serving on behest of the federal government in a Virgin Islands prison, and we maintain concurrent jurisdiction at all times. The United States Supreme Court and presser noted that the historical purpose of habeas corpus relief is to secure the release from illegal confinement. This court stated in Lemur at 551, where the challenge is to the legality of a prisoner's confinement, it is not sufficient for the prisoner to raise a claim solely as a damage action and avoid habeas. Here, Golden Grove is unique. It's historical, constitutional, in compliance with the law. Twenty-six years of violating the Eighth Amendment, so much so that the United States has been involved in continuous litigation, and that litigation will be heard later today. Moreover, as to prospective injunctive relief under 1983, this circuit has never conclusively ruled that prospective injunctive relief is available. The case that the government relies on, the Boe case, dismissed the 1983 action because it found that the United States Supreme Court said territories and territorial actors in their official capacity are not persons. The case that the government relied on was dicta, excuse me, the statement was dicta, and the case relied on by the government was Will v. Michigan, and that case was decided before the United States Supreme Court decided in the grand race and conclusively concluded that the territory and its actors acting in official capacity are not persons. Thank you. Okay. Thank you, Mr. Molinaro. And we thank Mr. Molinaro and Mr. Cohen for the job very well done. In this case, we'll take the matter under advisement.